## IN THE UNITEED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| LLOYD B. SMITH<br>117 Ocean Sands Ct.<br>Myrtle Beach, South Carolina 295791 | *<br><br>* |
| and | * |
| LORI SMITH<br>117 Ocean Sands Ct.<br>Myrtle Beach, South Carolina 295791 | *<br><br>* |
| *Plaintiffs* | * |
| | * Civil Action No.: 21-cv-1790 |
| . | * |
| UNITED STATES OF AMERICA | |
| SERVE ON: | * |
| Honorable Merrick Garland<br>Attorney General of the United States<br>Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530 | *<br><br>*<br><br>* |
| and | * |
| | * |
| Jonathan F. Lenzner<br>Acting United States Attorney for the<br>District of Maryland<br>36 S. Charles Street, 4th, Floor<br>Baltimore, MD 21201 | *<br><br>*<br><br>*<br>* |
| **Defendant** | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs, Lloyd B., Smith and Lori Smith, by their attorneys Roger J. Myerberg and the law firm of Sawyer and Myerberg, P.A., sue the Defendant United States of America, and for reasons therefore state as follows:

### COUNT I

### JURISDOCTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq. This Court has jurisdiction under the provisions of 28 U.S.C. 1346 (b)(1), and venue is proper in this judicial district, as the acts and omissions giving rise to the claim occurred at Webster Field, a facility of the Department of the Navy located in St. Inigoes, Maryland, which is in St. Mary's County, Maryland.

2. Plaintiff Lloyd B. Smith, is an adult male resident of South Carolina

3. Plaintiff Lori Smith is an adult female resident of South Carolina.

4. At all times herein, Defendant United States of America is as a matter of statutory law, able to be sued for the negligent acts of its agents and/or employees including those of United States Department of the Navy.

### ADMINISTRATIVE COMPLIANCE

5. Plaintiffs have complied with and exhausted the administrative procedure under the Federal Tort Claims Act (28 U.S.C. Section 2671, *et segs.*), each having properly and timely filed Standard Form 95, the receipt from which was acknowledged by the Department of the Navy, Office of the Judge Advocate General Tort Claims Unit Norfolk on October 24, 2019 by

letter to Plaintiffs' undersigned counsel dated February 3, 2021, the Defendant United States denied Plaintiffs' claims and advised that the Plaintiffs have six months from the date of the mailing of said denial letters which was February 3, 2021 to file suit against it in the appropriate federal District Court.

6. That on October 31, 2017 at about 5:50 a.m., Plaintiff Lloyd B. Smith parked his motor vehicle in the parking lot of Building 8008, which is a Department of the Navy Facility located at Webster Field, a facility of the Department of the Navy, under the command of the Naval Air Station, Patuxent River, owned by the Defendant, and located in St. Inigoes, Maryland, which is in St. Mary's County, Maryland.

7. Upon exiting his vehicle, Plaintiff Lloyd Smith started to walk from his vehicle to Building 8008 where he was employed by the Compliance Corporation, a Navy and/or United States contractor, when he tripped and fell over a temporary silt fence, placed in the grass close to the parking lot and space where he parked, whereupon he landed on the adjacent concrete sidewalk.

8. That the grass where the silt fence was located was very tall and prevented the Plaintiff Lloyd B. Smith from seeing the silt fence.

9. That there were no functioning lights at Building 8008 or in the vicinity.

10. That at the time of the occurrence complained of, when Plaintiff fell it was dark outside.

11. The dangerous condition of the silt fence was not, and could not, be observable to the Plaintiff, and was not known to him, for reasons including that it was hidden by tall grass and there was no functioning lighting in the area.

12. The dangerous condition of the silt fence and the lack of adequate lighting had existed for a significant period of time prior to the occurrence and was known, or should have been known, to United States, and to the Department of the Navy, and their agents and/or employees.

13. The Department of the Navy and United States owed a duty to the Plaintiff to use reasonable care to see that the parking lot and area where it was expected that Plaintiff Lloyd B. Smith would walk was safe, to exercise reasonable care to see that those portions of the property Plaintiff may be expected to use were safe, to protect the Plaintiff against dangers known to, or that should have been known to Defendant, and to warn the Plaintiff of the dangerous conditions.

14. That Defendant, by and through its agents and/or employees, breached the duty of care and was negligent by erecting, maintaining, permitting and or having the placement of the silt fence in a location unobservable and unknown to the Plaintiff, by failing to have the light at Building 8008 operable at the time of the occurrence, by failing to have adequate lighting in the area so as to make the silt fence observable to the Plaintiff, by failing to inspect the area of the silt fence and the lighting in the area, by failing to have a sign or other warning of the dangerous condition, by having parking spaces where parked vehicles blocked access to the sidewalk intended to be used by the Plaintiff, and by otherwise causing Plaintiff's injuries without any negligence of the Plaintiff contributing thereto.

15. That the Defendant. United States of America by and through its agents and/or employees had prior actual knowledge of the dangerous condition caused by the silt fence and lack of functional lighting.

16. That the Defendant knew or should have known of the dangerous condition, that it was a hazard, that there was no warning to invitees such as the Plaintiff of said condition, and that the Plaintiff would not know of its condition.

17. As a proximate result of the Defendant's negligence and without any negligence of the Plaintiff contributing thereto, Plaintiff Lloyd B. Smith has suffered and will continue to suffer permanent injuries to his body including to his left pelvis, left shoulder, left leg, left elbow, back and spine for which he has undergone multiple surgeries; past, present and future medical expenses and medical treatment, past, present and future lost wages and income; past, present and future pain and mental anguish; and other economic and non economic damages.

WHEREFORE, this suit is brought and plaintiff Lloyd B. Smith claims against the Defendant United State of America, the sum of Five Million Dollars ($5,000,000.00) together with interest and costs.

## COUNT II

Plaintiffs, Lloyd B. Smith and Lori Smith, by and through their attorneys Roger J. Myerberg and the law firm of Sawyer & Myerberg, P.A., sue Defendant United States of America, and for a second and distinct cause of action state:

18. Plaintiffs Lloyd B. Smith and Lori Smith, re-allege and incorporate by reference herein paragraphs 1 through 17 of this complaint.

19. At the time of the occurrence to in this Complaint, Plaintiffs were and continue to be husband and wife.

20. That as a proximate result of the negligence of the Defendant , the Plaintiffs, have suffered will continue to suffer injury to their marital relationship, including loss of consortium, loss of society, affection, assistance, companionship, and loss of sexual relations, without any negligence of the Plaintiffs contributing thereto

WHEREFORE, Plaintiffs Lloyd B. Smith and Lori Smith demand judgment against the Defendant United State of America in the amount of Two Million Dollars ($2,000,000.00) together with interest and costs.

Respectfully submitted,

*Roger J. Myerberg*

Roger J. Myerberg, #08867
Sawyer & Myerberg, P.A.
21689 Great Mills Road
Lexington Park, Maryland 20653
Telephone: (301) 863-9434
Facsimile: (301) 863-2267
Email: rmyerberg.sawmyer@verizon.net
Attorney for Plaintiff